```
         IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                   HARRISON DIVISION
```

**JACKIE DAVIS, EXECUTOR OF THE**
**ESTATE OF JAMES WILLIAM STARKEY,**
**DECEASED**                                                              PLAINTIFF

       v.             Civil No. 08-3015

**CNH AMERICA LLC AND MOUNTAIN**
**EQUIPMENT COMPANY, INC.**                                               DEFENDANTS

### O R D E R

Now on this 17th day of March, 2008, comes on for consideration plaintiff's **Motion To Remand** (document #9), and from said motion, the supporting documentation, and the response thereto, the Court finds and orders as follows:

1.   Plaintiff Jackie Davis, Executor of the Estate of James William Starkey, Deceased ("Davis") filed suit in the Circuit Court of Boone County, Arkansas, against CNH America LLC ("CNH") and Mountain Equipment Company, Inc. ("Mountain").  Davis alleges that the decedent Starkey was injured by a defective tractor manufactured by CNH and sold by Mountain.  Davis further alleges that Starkey was, at the time of his death, an Arkansas resident, and that Mountain is an Arkansas corporation with its principal place of business in Baxter County, Arkansas.

2.   CNH removed the case to this Court on the basis of diversity, asserting that Mountain was fraudulently joined as a defendant and that its citizenship should be disregarded in determining whether diversity exists for purposes of federal

jurisdiction. That would leave as parties only Davis (an Arkansas citizen as legal representative of the estate of an Arkansas decedent) and CNH (a citizen of Delaware, its state of incorporation, and Wisconsin, its principal place of business). Complete diversity would exist, supplying the basis for jurisdiction under **28 U.S.C. §1332(a)**.

The basis of the fraudulent joinder argument is CNH's contention that Mountain is a defunct corporation, its corporate charter having been revoked, and is, therefore, not an entity amendable to suit.

Davis counters that remand is appropriate because the Complaint states a claim against Mountain, and the fact that Mountain's corporate charter has been revoked - while it might prevent Mountain from *suing* - does not prevent Mountain from *being sued*.

3.  The parties appear to agree that whether a corporation with a revoked charter is an entity amenable to suit is an issue of first impression under Arkansas law. Neither side has cited an Arknasas case on point. When there is no state law on point, it is the duty of this Court to predict how the state's highest court would rule on the issue. **Brandenburg. v. Allstate Ins. Co.**, **23 F.3d 1438 (8th Cir. 1994)**.

In making this prediction, the Court is mindful of the underlying standard for analyzing the issue of fraudulent joinder,

as explained in **Filla v. Norfolk Southern Ry. Co.**, 336 F.3d 806, **809-10 (8th Cir. 2003):**

> [T]here is a common thread in the legal fabric guiding fraudulent-joinder review.  It is reason.  Thus, a proper review should give paramount consideration to the reasonableness of the basis underlying the state claim. Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent.  "[I]t is well established that if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained."  *Iowa Public Service Co. v. Medicine Bow Coal Co.*, 556 F.2d 400, 406 (8th Cir. 1977)(emphasis added).  However, if there is a "colorable" cause of action - that is, if the state law *might* impose liability on the resident defendant under the facts alleged - then there is no fraudulent joinder.

4.   The substantive basis of Davis' claim against Mountain is clear.  Pursuant to **A.C.A. §4-86-102,** a supplier of a product is subject to liability in damages for personal injury if (a) it is engaged in the business of selling the product; (b) it supplied the product in a defective condition that rendered it unreasonably dangerous; and (c) the defective condition proximately caused personal injury.  It is not necessary for the person injured to have purchased the product directly from the supplier.

The issue of amenability to suit is less clear, but the Court finds that Arkansas *might* impose liability on Mountain under the facts alleged. In **In re Russell**, 123 B.R. 48, 51 **(Bkr.W.D.Ark. 1990),** the United States Bankruptcy Court for the Western District of Arkansas analyzed the status of an Arkansas corporation that

had lost its charter, noting that "[s]ince a corporation with a forfeited charter has not been dissolved, the corporation continues to exist for limited purposes."  The Bankruptcy Court also noted that under Arkansas law a dissolved corporation may be sued, and that "[s]ince a corporation with a forfeited charter continues to have more vitality as [sic] a dissolved corporation, its powers should be at least equivalent to those of a dissolved corporation winding up its affairs."

There is logic to this analysis.  Were the law otherwise, a corporation could avoid liability for its torts simply by failing to pay its franchise taxes - a result more favorable than what it could achieve by a legal dissolution.  Given this logic, the Court is persuaded that if the Arkansas Supreme Court were presented with the issue, it would find that a corporation with a revoked charter remains subject to suit in tort.

Nor is there any basis for concluding that the state of Mountain's citizenship would be changed by the revocation of its charter.  Under **28 U.S.C. §1332(c)(1),** a corporation "shall be deemed to be a citizen of any State by which it has been incorporated."  Mountain "has been incorporated" by the State of Arkansas, and to the extent it has any citizenship, it is a citizen of the State of Arkansas.

5.   CNH also argues that the joinder of Mountain is fraudulent because Davis does not intend to obtain a judgment

against it.  It relies, in support of this dubious proposition, on the fact that Davis did not assert its intention to take a judgment in its Motion To Remand, and on several cases from other Circuits.  Illustrative - but not helpful to CNH - is **Samples v. Conoco, Inc.**, **165 F.Supp.2d 1303 (N.D. Fla. 2001)**.  The defendant in question there was a corporation that had not operated for sixteen years, had been defunct for eight years, and had no assets.  The district court did not find fraudulent joinder, stating "precedent is clear that a plaintiff's motivation for joining a defendant is not important *as long as the plaintiff has the intent to pursue a judgment against the defendant*." (Emphasis in cited material.)  The court noted that defendants "apparently confuse the distinction between an intention to pursue or obtain a judgment versus an intention to collect on a judgment." **165 F.Supp.2d at 1319-20.**

In the case at bar, Mountain may well be judgment-proof, but that does not dictate a finding that Davis has no intention to take a judgment against it.  There may be liability insurance or other assets from which a judgment could be collected, in spite of Mountain's corporate status.  In addition, even with the virtual abolition of joint liability under Arkansas law, an uncollectible judgment against one defendant may serve to increase the amount collectible on a judgment against another defendant. **A.R.C. §16-55-203.**  The Court, therefore, concludes that this argument is

unavailing.

6.   While the Court acknowledges that there might be some doubt about the conclusions reached herein - given that the State of Arkansas has not addressed the corporate status issue - that doubt must be resolved in favor of remand.  **<u>Wilkinson v. Shackelford</u>, 478 F.3d 957, 963 (8th Cir. 2007).**  Thus, for the reasons set forth herein, the Court concludes that the Motion To Remand should be granted.

**IT IS THEREFORE ORDERED** that plaintiff's **Motion To Remand** (document #9) is **granted,** and this matter is **remanded to the Circuit Court of Boone County, Arkansas.**

**IT IS SO ORDERED.**

                                          /s/ Jimm Larry Hendren  
                                        **JIMM LARRY HENDREN**  
                                        **UNITED STATES DISTRICT JUDGE**